IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRYL KEITH ALEXANDER,

    Petitioner,               No. 2: 11-cv-1666 KJN P

    vs.

DOMINGO URIBE, JR.,

    Respondent.             <u>ORDER</u>

_____/

        On June 29, 2011, petitioner filed a document styled "motion for extension of time," to file a habeas corpus petition. No other pleadings were filed by petitioner. On June 29, 2011, the undersigned issued an order stating that in order to commence an action, petitioner must file a petition for writ of habeas corpus as required by Rule 3 of the Rules Governing Section 2254 cases and either pay the required filing fee or an application to proceed in forma pauperis. Petitioner was granted thirty days to file a habeas corpus petition and either pay the filing fee or file an application to proceed in forma pauperis.

        On July 8, 2011, petitioner filed a motion stating that prison officials at Centinela State Prison will not make a copy of his petition without a court order because it is longer than 50 pages. Prison regulations require prison officials to obtain court orders authorizing copies of documents longer than 50 pages. Petitioner requests that the court order prison officials to copy

1 | his 262 page petition.   Petitioner states that much of his petition includes exhibits.

2 | Petitioner has not filed a petition for writ of habeas corpus in this action. Therefore, unless petitioner is a capital prisoner, he has not initiated habeas proceedings in this court.  Calderon (Nicolaus) v. United States District Court, 98 F.3d 1102, 1107 n.3 (9th Cir. 1996) (stating that "[u]nlike non-capital prisoners who initiate habeas proceedings by filing a petition for a writ of habeas corpus, capital prisoners commence federal habeas proceedings by filing a request for appointment of counsel").   Petitioner does not contend that he is a capital prisoner, that is, a prisoner under sentence of death, and there is nothing in the documents he has submitted which indicates that he is a capital prisoner.

For these reasons, the undersigned cannot consider petitioner's request for a court order permitting the copying of excess pages until he has a habeas corpus petition on file.  Once a habeas corpus action pursuant to 28 U.S.C. § 2254 has been initiated, petitioner may renew his motion for a court order permitting the copying of the excess pages.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an order regarding the copy limit (Dkt. No. 8) is denied without prejudice;

2. Petitioner is granted thirty days from the date of this order to file a habeas corpus petition and application to proceed in forma pauperis; failure to comply with this order will result in the dismissal of this action.

DATED: July 13, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

al1666.ord