1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DARRYL KEITH ALEXANDER,

11              Petitioner,              No. 2: 11-cv-1666 GEB KJN P

12        vs.

13   DOMINGO URIBE, et al.,              ORDER AND

14              Respondents.             FINDINGS AND RECOMMENDATIONS

15   _____/

16   I.  Introduction

17              Petitioner is a state prisoner, proceeding without counsel, with a petition for writ

18   of habeas corpus pursuant to 28 U.S.C. § 2254.  This action is proceeding on the petition filed

19   August 5, 2011.  (Dkt. No. 11)  Petitioner challenges his 2004 conviction for attempted murder,

20   shooting at an occupied vehicle, and several enhancements.  Petitioner is serving a sentence of 40

21   years to life imprisonment.

22              The amended petition raises the following claims.  First, petitioner alleges that the

23   trial court failed to advise him of his constitutional rights.  (Dkt. No. 11 at 5-9.)  Second,

24   petitioner alleges that appellate counsel was ineffective for failing to raise a claim alleging denial

25   of the right to a speedy trial.  (Id. at 10-13.)  Third, petitioner alleges that appellate counsel was

26   ineffective for failing to raise a claim of ineffective assistance of counsel based on trial counsel's

1

1   alleged failure uphold petitioner's speedy trial rights.  (Id. at 14-18.)  Fourth, petitioner alleges

2   that appellate and trial counsel were ineffective for failing to raise a claim alleging that the

3   prosecutor suppressed evidence favorable to the defense.  (Id. at 19-27.)  Fifth, petitioner alleges

4   that appellate counsel was ineffective for failing to raise an ineffective assistance of counsel

5   claim based on trial counsel's alleged failure to investigate the plea bargain offered to petitioner's

6   co-defendant.  (Id. at 28-35.)  Sixth, petitioner alleges that appellate counsel was ineffective for

7   failing to raise an ineffective assistance of counsel claim based on trial counsel's alleged failure

8   to argue that the prosecutor did not act with due diligence in his attempt to produce petitioner's

9   co-defendant at trial.  (Id. at 35-43.)  Seventh, petitioner alleges that appellate counsel was

10  ineffective for failing to argue that the trial court failed to advise petitioner of his constitutional

11  rights.  (Id. at 44-47.)

12          Pending before the court is respondent's December 28, 2011 motion to dismiss on

13  grounds that this action is barred by the statute of limitations.  After carefully reviewing the

14  record, the undersigned recommends that respondent's motion be granted.

15  II.  Motion to Dismiss

16          A.  When Petitioner's Conviction Became Final

17          The statute of limitations for federal habeas corpus petitions is set forth in 28

18  U.S.C. § 2244(d)(1):

19          A 1-year period of limitation shall apply to an application for a writ
            of habeas corpus by a person in custody pursuant to the judgment

20          of a State court.  The limitation period shall run from the latest of–

21          (A) the date on which the judgment became final by the conclusion
            of direct review or the expiration of the time for seeking such

22          review;

23          (B) the date on which the impediment to filing an application
            created by State action in violation of the Constitution or laws of

24          the United States is removed, if the applicant was prevented from
            filing by such State action;

25
            (C) the date on which the constitutional right asserted was initially

26          recognized by the Supreme Court, if the right has been newly

                                                2

1    recognized by the Supreme Court and made retroactively
     applicable to cases on collateral review; or
2
     (D) the date on which the factual predicate of the claim or claims
3    presented could have been discovered through the exercise of due
     diligence.
4

5           On June 14, 2006, the California Supreme Court denied petitioner's petition for

6    review. (Respondent's Lodged Document No. 4.)  The time to seek direct review ended ninety

7    days later on September 12, 2006, when the period to file a petition for writ of certiorari in the

8    Supreme Court expired. Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999).  The statue of limitations

9    began running the following day, i.e. on September 13, 2006. Patterson v. Stewart, 251 F.3d

10   1243, 1246 (9th Cir. 2001).  Petitioner had one year from that date to file a timely federal habeas

11   corpus petition, i.e. until September 13, 2007.

12          Petitioner commenced the instant action on June 20, 2011, by filing a motion for

13   an extension of time to file a habeas corpus petition. (Dkt. No. 1.)  On June 29, 2011, the

14   undersigned granted petitioner thirty days to file a habeas corpus petition pursuant to 28 U.S.C. §

15   2254 and directed the Clerk of the Court to send petitioner a habeas corpus petition form. (Dkt.

16   No. 2.)  On August 5, 2011, petitioner filed his habeas corpus petition. (Dkt. No. 11.)

17          While petitioner's motion for extension of time opened this action, it did not

18   challenge the merits of petitioner's conviction.  For that reason, the undersigned considers

19   whether this action is timely based on the date petitioner filed his petition rather than on the date

20   he filed his motion for extension of time. See Braggs v. Walker, 2011 WL 2709847 at *2 (N.D.

21   Cal. 2011), citing Woodford v. Garceau, 538 U.S. 202, 210 (2003) (request for counsel in capital

22   case did not suffice to make "pending" a habeas petition filed after the effective date of the Anti-

23   Terrorism and Effective Death Penalty Act.)

24          The instant action is not timely unless petitioner is entitled to statutory or

25   equitable tolling.

26   ////

1        B.  <u>Statutory Tolling</u>

2            *Legal Standard*

3            The period of limitation is tolled while a "properly filed" application for state

4    post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d)(2).  Once a petitioner

5    begins state collateral proceedings, a state habeas petition is "pending" during a full round of

6    review in the state courts, including the time between a lower court decision and the filing of a

7    new petition in a higher court, as long as the intervals between the filing of those petitions are

8    "reasonable."  <u>Carey v. Saffold</u>, 536 U.S. 214, 222-24 (2002).  However, interval tolling only

9    applies to petitions that are "properly" filed in state court.  28 U.S.C. § 2244(d)(2); <u>Nino v.

10   Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).

11           *Petitioner's State Post-Conviction Collateral Filings*

12           Petitioner filed six state habeas corpus petitions.

13           On August 18, 2006, petitioner filed a habeas corpus petition in the California

14   Supreme Court.[1]  (Respondent's Lodged Document No. 5.)  On January 25, 2007, the California

15   Supreme Court granted petitioner's request to withdraw that petition.  (Respondent's Lodged

16   Document No. 7.)

17           Pursuant to the mailbox rule, on April 22, 2007, petitioner filed a habeas corpus

18   petition in the Sacramento County Superior Court.  (Respondent's Lodged Document No. 8.)  On

19   July 19, 2007, the Superior Court denied that petition.  (Respondent's Lodged Document No. 9.)

20           Pursuant to the mailbox rule, on September 28, 2007, petitioner filed a habeas

21   corpus petition in the California Court of Appeal.  (Respondent's Lodged Document No. 10.)  On

22   October 11, 2007, the California Court of Appeal denied that petition.  (Respondent's Lodged

23   Document No. 11.)

24   ////

25   ──────────────

26       [1]  This petition contains no proof of service and is not signed by petitioner.  Accordingly, the filing date is determined by the court file stamp on the petition.

4

1    Pursuant to the mailbox rule, on October 16, 2007, petitioner filed a habeas

2    corpus petition in the California Supreme Court.  (Respondent's Lodged Document No. 12.)  On

3    April 16, 2008, the California Supreme Court denied that petition.  (Respondent's Lodged

4    Document No. 13.)

5    Pursuant to the mailbox rule, on July 15, 2010, petitioner filed a habeas corpus

6    petition in the Sacramento County Superior Court.  (Respondent's Lodged Document No. 14.)

7    On August 11, 2010, the Superior Court denied that petition.  (Respondent's Lodged Document

8    No. 15.)

9    Pursuant to the mailbox rule, on September 9, 2010, petitioner filed a habeas

10   corpus petition in the California Supreme Court.  (Respondent's Lodged Document No. 16.)  On

11   April 20, 2011, the California Supreme Court denied that petition.  (Respondent's Lodged

12   Document No. 17.)

13   *Analysis*

14   Regarding petitioner's first state habeas petition, filed in the California Supreme

15   Court, respondent does not argue that this petition was improperly filed.  However, respondent

16   argues that because this petition was filed before the limitations period began, petitioner is

17   entitled to tolling only from September 13, 2006, i.e., the first date of the limitations period, to

18   January 25, 2007, i.e. the date the California Supreme Court granted petitioner's motion to

19   withdraw the petition.  The undersigned agrees with respondent's reasoning and finds that

20   petitioner is entitled to tolling for a period of 135 days for that first petition.

21   Respondent next argues that petitioner is not entitled to interval tolling for the

22   time between when the California Supreme Court granted his request to withdraw his first

23   petition and when he filed his first petition in the Sacramento County Superior Court on April 22,

24   2007.  As noted by respondent, statutory tolling is generally not available for the intervals

25   between separate rounds of state post-conviction proceedings.  Biggs v. Duncan, 339 F.3d 1045,

26   1048 (9th Cir. 2003); see also Welch v. Carey, 350 F.3d 1079, 1083 (9th Cir. 2003) (a petitioner

1  "is not entitled to statutory tolling during the period of inaction between his separate applications

2  for relief in the California state courts").

3          The undersigned agrees with respondent that petitioner's first petition filed in the

4  Sacramento County Superior Court after the California Supreme Court granted his motion to

5  withdraw his petition constituted a new or separate round of state post-conviction proceedings.

6  Accordingly, petitioner is not entitled to interval tolling for the gap between those two petitions.[2]

7          Respondent states that petitioner is entitled to tolling for the time his first petition

8  filed in the Sacramento Superior Court was pending, i.e., from April 22, 2007, to July 19, 2007.

9  The undersigned agrees.  Accordingly, petitioner is entitled to tolling for a period of 89 days for

10  the time that petition was pending.

11          Respondent argues that petitioner is not entitled to interval tolling for the 70 days

12  between when the Superior Court denied his first petition and when he filed his next state habeas

13  petition in the California Court of Appeal.  Intervals between a lower court decision and the

14  filing of a new petition in a higher court toll the limitations period, but only where reasonable.

15  Carey v. Saffold, 536 U.S. 214, 221, 223 (2002); Evans v. Chavis, 546 U.S. 189, 192 (2006).

16  However, Chavis cautioned against interpreting California's timeliness standard in a manner that

17  deviates significantly from the 30 to 60 day periods the Supreme Court has found to govern in

18  "most States."  Chavis, 546 U.S. at 192–95, 199–201; see also Saffold, 536 U.S. at 219.

19          In Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011), the Ninth Circuit

20  found that inadequately justified gaps of 80 and 91 days between state habeas filings were

21  unreasonable.  In the instant case, the 70 day delay is only ten days longer than the 30 to 60 day

22  periods suggested as reasonable by the Supreme Court.  However, as will be discussed below,

23  adding these 70 days to the tolling period does not render the instant petition timely.

24  _____

25          [2]  Respondent also argues that petitioner is not entitled to gap tolling for those two
    petitions because of the delay between them.  The undersigned need not reach this argument
26  because it is clear that these petitions were not part of the same "round" of petitions.

1    Respondent states that petitioner is entitled to tolling, including interval tolling,

2    for the period his petitions were pending in the California Court of Appeal beginning on

3    September 28, 2007, to the date on which the California Supreme Court denied his state habeas

4    petition on April 16, 2008.  Accordingly, petitioner is entitled to tolling for 202 days for the

5    period these petitions were pending.

6    Respondent argues that petitioner is not entitled to interval tolling for the time

7    period between when the California Supreme Court denied his petition on April 16, 2008, and

8    when petitioner filed his next petition in the Sacramento County Superior Court on July 15,

9    2010.  Respondent argues that the petition filed in the Superior Court on July 15, 2010,

10   constituted a new round of habeas challenges.  Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir.

11   2003); see also Welch v. Carey, 350 F.3d 1079, 1083 (9th Cir. 2003).  The undersigned agrees.

12   Accordingly, petitioner is not entitled to interval tolling for that period.

13   Respondent next argues that petitioner is not entitled to tolling for the time his

14   second habeas petition filed in the Superior Court on July 15, 2010, was pending because this

15   petition was not properly filed pursuant to 28 U.S.C. § 2244(d)(2).  Respondent argues that this

16   petition was not properly filed because the Superior Court denied it as untimely.   When a state

17   court finds a post-conviction filing to be untimely, it is not properly filed for the purpose of 28

18   U.S.C. § 2244(d)(2).  Evans v. Chavis, 546 U.S. 189, 192-01 (2006); Pace v. DiGuglielmo, 544

19   U.S. 408, 414 (2005).

20   In the instant case, the Superior Court denied petitioner's petition as untimely as

21   well as on the merits.  (Respondent's Lodged Document No. 15).  Because the petition was

22   denied as untimely, it was not properly filed and petitioner is not entitled to statutory tolling for

23   the period that petition was pending.  Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005)

24   (concluding that under Pace, "if the petition was untimely under California law, it was never

25   properly filed," and rejecting the proposition that statutory tolling is available when the state

26   court denied a post-conviction petition both on the merits and as untimely), as amended, 439

7

1  F.3d 993, citing <u>Carey v. Saffold</u>, 536 U.S. 214, 225-26 (2002).

2          "When a post-conviction petition is untimely under state law, 'that [is] the end of

3  the matter' for purposes of § 2244(d)(2)." <u>Pace</u> 544 U.S. at 414.  Accordingly, petitioner is not

4  entitled to any statutory tolling following the denial of his petition as untimely by the Superior

5  Court on August 11, 2010.

6                              *Conclusion*

7          Petitioner is entitled to statutory tolling for a period of 135 days from September

8  23, 2006, to January 25, 2007, i.e., the dates his first petition was pending in the California

9  Supreme Court.  Petitioner is entitled to statutory tolling for the entire period of his first full

10  round of state habeas petitions, including interval tolling, i.e., from April 22, 2007, to April 26,

11  2008, for a total of 359 days.  Accordingly, petitioner is entitled to statutory tolling for a 494

12  days.  Adding 494 days of statutory tolling to the date the statute of limitations ran on September

13  13, 2007, results in the limitations period expiring on January 19, 2009.  The instant action is still

14  not timely unless petitioner is entitled to equitable tolling.

15                      C.  <u>Equitable Tolling</u>

16                      *Legal Standard*

17          Equitable tolling is available to toll the one-year statute of limitations available to

18  28 U.S.C. § 2254 habeas corpus cases.  <u>Holland v. Florida</u>, 130 S. Ct. 2549, 2560 (2010).  A

19  litigant seeking equitable tolling must establish: (1) that he has been pursuing his rights

20  diligently; and (2) that some extraordinary circumstance stood in his way.  <u>Pace v. DiGuglielmo</u>,

21  544 U.S. 408, 418 (2005).

22                      *Analysis*

23          In his opposition to respondent's motion, petitioner makes several arguments in

24  support of equitable tolling.

25          Petitioner argues that he is entitled to equitable tolling because he is untrained in

26  the law, poorly educated and required to rely on assistance from other inmates.  (Dkt. No. 33 at

8

4.)

        The Ninth Circuit has held that claims of ignorance of the law and illiteracy do not constitute such extraordinary circumstances and are insufficient to justify equitable tolling.  See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see also Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of the law unfortunate but insufficient to establish cause); Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988) (reliance on incompetence of jailhouse lawyer not sufficient to justify cause to excuse procedural default).

        In the reply to petitioner's opposition, respondent observes that the exhibits attached to petitioner's opposition indicate that he is not illiterate.  In 2007, petitioner's "TABE" score was 9.9.[3]  (Dkt. No. 33 at 8.)  On June 20, 2008, a UCC Classification Chrono listed petitioner's "RGPL" as 9.9.  (Id. at 10.)  The undersigned reasonably construes "RGPL" to reflect petitioner's grade point level.  Another UCC chrono dated July 18, 2008, lists petitioner's "GPL," which the undersigned reasonably construes as grade point level, to be 6.2.  (Id. at 11.)  Another UCC chrono dated February 23, 2009, lists petitioner's "GPL" as 12.9.  (Id. at 12.)  Finally, a classification chrono dated April 6, 2009 lists petitioner's "TABE" score as 12.9.  (Id. at 14.)  These exhibits indicate that petitioner is not illiterate and that his education level has increased.

        For the reasons discussed above, petitioner is not entitled to equitable tolling based on his lack of legal training, lack of education and reliance on other inmates to help him in preparing his legal documents.

////

---

    [3]  "The TABE (Tests of Adult Basic Education) scores reflect an inmate's educational achievement level and are expressed in numbers reflecting grade level."  See In re Roderick, 154 Cal.App.4th 242, 253 n.5, 257 n.10 (2007); see also Marcelo v. Hartley, 2008 WL 4057003, *4 n.7 (C.D. Cal. 2008).

1    Petitioner argues that he is entitled to equitable tolling because he was denied

2    access to his legal materials at three prisons.  In particular, petitioner alleges that he was subject

3    to lockdowns and transfers at High Desert State Prison ("HDSP") C Yard from August 18, 2006,

4    to November 6, 2007.  (Dkt. No. 33 at 3.)  Petitioner alleges that he was subject to lockdowns

5    and transfers at Centinela State Prison C Yard from April 16, 2008, to July 15, 2008, and from

6    March 25, 2009, to July 15, 2010.  (Id.)  Petitioner alleges that he was subject to lockdowns and

7    transfers at Corcoran Substance Abuse Treatment Facility ("SATF") from July 15, 2008, to

8    March 24, 2009.  (Id.)  Petitioner alleges that inmates who are transferred to new institutions can

9    be without their legal property for up to 30 to 60 days before and after the transfer.  (Id. at 2.)

10   In the reply, respondent argues that petitioner does not provide the precise periods

11   the lockdowns were in place, what programs were affected, what legal materials he was without

12   and for how long and how these circumstances prevented him from sooner challenging his

13   conviction.  The undersigned understands petitioner to be claiming that the lockdowns took place

14   during the dates listed above.  However, the undersigned agrees with respondent that petitioner

15   has not alleged what programs were affected during the lockdowns, what legal materials he was

16   without during the lockdowns, and how these circumstances prevented him from sooner

17   challenging his conviction.

18   Being on lockdown alone is not grounds for equitable tolling.  See Ramirez v.

19   Yates, 571 F.3d 998 (9th Cir. 2009) ("petitioner's four month stay in administrative segregation

20   with limited access to the law library and a copier did not justify equitable tolling because

21   "[o]rdinary prison limitations on [one's] access to the law library and copier (quite unlike the

22   denial altogether of access to his personal legal papers) were neither 'extraordinary' nor made it

23   'impossible' for him to file his petition in a timely manner."); Frye v. Hickman, 273 F.3d 1144,

24   1146 (9th Cir. 2001) (rejecting argument that lack of access to library materials automatically

25   qualifies as grounds for equitable tolling; see also Nelson v. Sisto, 2012 WL 465443, at *6

26   (N.D.Cal. Feb. 13, 2012) (finding petitioner's allegations of prison lockdowns that lasted months

at a time, including one lockdown that lasted a year, were "nothing more than routine prison circumstances that most habeas prisoners face and did not amount to extraordinary circumstances or make it impossible for him to file on time."); Wilder v. Runnels, 2003 WL 22434102, at *3 (N.D.Cal. Oct. 22, 2003) ("[L]ockdowns, placement in administrative segregation/solitary confinement, and other common restrictions on access to the law library and legal assistant [sic] programs, generally do not qualify as 'extraordinary circumstances.'"); Jackson v. Runnels, 2008 WL 936791, at *24 n.33 (C.D. Cal. April  2, 2008) ("The Court notes that lockdowns and restrictions on law library access are an ordinary incident of prison life, and do not generally qualify as an 'extraordinary circumstance' sufficient to equitably toll the statute of limitations for federal habeas petitions."); Atkins v. Harris, 1999 WL 13719, at *2 (N.D. Cal. Jan. 7, 1999) ("Petitioner's allegations of difficulty in gaining library access, prison lockdowns, his lack of legal training ... fail to meet the requisite extraordinary circumstances.... Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal petition."); Giraldes v. Ramirez–Palmer, 1998 WL 775085, at *2 (N.D.Cal. Nov. 3, 1998) (holding that a prison lockdown for one year and two months does not constitute an extraordinary circumstance because "lockdown is an expected, albeit unpredictable, part of prison life.").

Regarding transfers, respondent has provided a copy of petitioner's California Department of Corrections Movement History report.  (Respondent's Lodged Document No. 18.) This report indicates that petitioner was transferred twice after the statute of limitations began to run on September 13, 2006, and January 9, 2009.  These records state that on November 6, 2007, petitioner was transferred from HDSP to SATF "en route" to Centinela. (Id. at 4.)  On November 7, 2007, petitioner arrived at Centinela.  (Id.)  On July 15, 2008, petitioner was transferred to Corcoran SATF.  (Id.)

The record does not support petitioner's claims that these transfers impacted his ability to challenge his conviction.  Petitioner filed a habeas corpus petition in the California

1   Supreme Court on October 16, 2007.  When he transferred to Centinela in November 2007, that

2   petition was still pending.  The California Supreme Court denied that petition on April 16, 2008.

3   Thus, any temporary denial of access to legal property caused by this transfer did not impact

4   petitioner's ability to challenge his conviction.

5           Petitioner had no state habeas petitions pending when he transferred to Corcoran

6   SATF in July 2008.  Petitioner did not file another state habeas petition until two years later in

7   July 2010.  Therefore, petitioner's transfer to Corcoran SATF did not impact his ability to

8   challenge his conviction.

9           In the reply, respondent argues that petitioner had adequate law library access

10  during the limitations period.  In support of this contention, respondent lodged petitioner's law

11  library *logs* and law library request *forms* from HDSP.  (Respondent's Lodged Document No.

12  19.)  The logs indicate that petitioner had law library access on March 20, 2007, April 5, 2007,

13  April 12, 2007, April 20, 2007, April 26, 2007, May 3, 2007, May 5, 2007, May 10, 2007,

14  August 31, 2007, September 7, 2007, September 13, 2007, September 21, 2007, September 27,

15  2007, September 29, 2007, October 5, 2007 and October 19, 2007.  (Id.)

16          The law library request forms indicate that petitioner requested law library access

17  on other dates but it is difficult to say, in the absence of logs from those other dates or a

18  declaration from a prison official, that petitioner received law library access on those other dates.

19  In any event, it is clear that petitioner received law library access at HDSP on at least 16

20  occasions in 2007.  In the reply, respondent states that he was unable to obtain the law library

21  logs reflecting petitioner's law library access while he was housed at Corcoran SATF.

22  Respondent also did not include petitioner's law library logs from Centinela.

23          Although the law library records lodged by respondent are not complete, they

24  undermine any claim by petitioner that he was denied law library access while on lockdown at

25  HDSP from August 18, 2006, to November 6, 2007.

26  ////

1   For the reasons discussed above, the undersigned finds that petitioner has not met

2   his burden of demonstrating the existence of grounds for equitable tolling. See Pace, 544 U.S. at

3   418 (petitioner bears burden of demonstrating grounds for equitable tolling); Espinoza–Matthews

4   v. California, 432 F.3d 1021, 1026 (9th Cir. 2005). Rather, his claims for equitable tolling are

5   unsupported and vague. Accordingly, petitioner is not entitled to equitable tolling and

6   respondent's motion to dismiss this action as barred by the statute of limitations should be

7   granted.

8   III. Remaining Matters

9   Petitioner has requested the appointment of counsel. There currently exists no

10  absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d

11  453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at

12  any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing

13  § 2254 Cases. In the present case, the court does not find that the interests of justice would be

14  served by the appointment of counsel.

15  On June 4, 2012, petitioner filed a motion for discovery. In this motion, petitioner

16  alleges that in the motion for extension of time to file a reply to his opposition, respondent states

17  that additional time is required to review the fifty-four pages of documents obtained in response

18  to petitioner's claim for equitable tolling. In the motion for discovery, petitioner requests that

19  respondent be required to provide him with these fifty-four pages of documents.

20  In the interests of justice, respondent is directed to serve petitioner with copies of

21  respondent's lodged documents nos. 18 and 19, i.e., the documents referred to in respondent's

22  request for extension of time to file a reply (petitioner's law library logs and offender history).

23  Accordingly, IT IS HEREBY ORDERED that:

24  1. Petitioner's motion for appointment of counsel (Dkt. No. 34) is denied;

25  2. Petitioner's motion for discovery (Dkt. No. 40) is granted; within seven days

26  respondent shall serve petitioner with respondent's lodged documents nos. 18 and 19; respondent

1   shall proof of service within that time; and

2           IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (Dkt. No.

3   28) be granted.

4           These findings and recommendations are submitted to the United States District

5   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

6   one days after being served with these findings and recommendations, any party may file written

7   objections with the court and serve a copy on all parties.  Such a document should be captioned

8   "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files

9   objections, he shall also address whether a certificate of appealability should issue and, if so, why

10  and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if

11  the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §

12  2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after

13  service of the objections.  The parties are advised that failure to file objections within the

14  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

15  F.2d 1153 (9th Cir. 1991).

16  DATED:  July 11, 2012

17

18                                    _Kendall J. Newman_____

19                                    KENDALL J. NEWMAN
                                      UNITED STATES MAGISTRATE JUDGE

20  alex1666.mtd

21

22

23

24

25

26