IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRYL KEITH ALEXANDER,

    Petitioner,　　　　　　　　　No. 2:11-cv-1666 GEB KJN P

  vs.

DOMINGO URIBE,

    Respondent.　　　　　　　　　FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is proceeding without counsel, or "pro se." On January 7, 2013, petitioner filed his second request for an extension of time to file a notice of appeal. Petitioner's request is dated January 3, 2013, and, under the mailbox rule, petitioner's request is deemed filed as of January 3, 2013. See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

       Normally, an appeal must be taken within thirty days after the entry of judgment. Federal Rule of Appellate Procedure 4(a) is the exclusive avenue for relief from the expiration of the period to file a timely notice of appeal. See In re Stein, 197 F.3d 421, 426–27 (9th Cir. 2000). Rule 4(a) is enforced without distinction between counseled and pro se cases. See Clark v. Lavallie, 204 F.3d 1038, 1041 (10th Cir. 2000) (rejecting pro se prisoner's motion filed more than 180 days after entry of judgment). Rule 4(a) (5) allows for an extension of time if the party

1

requests it within thirty days of the expiration of the time to file the notice and shows excusable neglect or good cause.  See Fed. R. App. P. 4(a) (5).  However, Rule 4(a)(5)(C) provides that "[n]o extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later."
Fed. R. App. 4(a)(5)(C).  In other words, this court may only grant an extension of time that does not exceed 60 days after the date judgment was entered, or 14 days after the date the order granting the motion for extension of time was entered.

Here, judgment was entered on October 31, 2012.[1]  Petitioner's notice of appeal was due on or before Friday, November 30, 2012.  Petitioner timely filed, under the mailbox rule, his first request for extension of time to file an appeal on November 12, 2012.  (Dkt. No. 55.)  On December 3, 2012, the court granted petitioner thirty days in which to file the notice of appeal.  (Dkt. No. 56.)  Therefore, petitioner's notice of appeal was due Wednesday, January 2, 2013.  Petitioner did not file a notice of appeal.

Rather, on January 3, 2013 petitioner filed, under the mailbox rule, his second request for extension of time to file a notice of appeal.  However, sixty days from the date of judgment, October 31, 2012, ran on December 30, 2012.  Because December 30 was a Sunday, the sixty-day deadline under Rule 4(a)(5)(C) expired on Monday, December 31, 2012.  Thus, petitioner's January 3, 2013 second request for extension of time was filed outside the cumulative sixty day deadline for seeking leave to file a late notice of appeal.  In addition, petitioner's second request was filed more than fourteen days after the court's December 3, 2012 order granting the first extension of time.

Thus, petitioner's second request for extension of time is untimely.  The time limitations of Rule 4(a) are strictly construed.  "Rule 4(a), applying to civil appeals, is both mandatory and jurisdictional."  United States v. Sadler, 480 F.3d 932, 937 (9th Cir. 2007)

---

[1] The district court also declined to issue a certificate of appealability.  (Dkt. No. 53.)

2

(emphasis deleted).

Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides for the reopening of the time to file an appeal:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. Rule 4(a)(6).

The record reflects that petitioner received the court's October 31, 2012 order granting respondent's motion to dismiss within the twenty-one day period of Rule 4(a)(6)(A). Petitioner's first request for extension of time to file a notice of appeal notes that petitioner's objections and his request for a certificate of appealability were denied on October 31, 2012. (Dkt. No. 55 at 1.) October 31, 2012 is the day the dismissal order and judgment were entered. (Dkt. Nos. 53, 54.) Petitioner's first motion was dated November 12, 2012, twelve days after the entry of judgment. (Dkt. No. 55.) Even if the court used the filed date of November 15, 2012, three days later, the record demonstrates that petitioner received the order and judgment within the twenty-one day period. Under Rule 4(a)(6), petitioner must meet all three conditions; because petitioner cannot meet the first condition of Rule 4(a)(6), the court cannot reopen the appeal.

Accordingly, petitioner's second request for extension of time to file an appeal should be denied.

////

IT IS HEREBY RECOMMENDED that petitioner's second request for an extension of time to file an appeal (dkt. no. 57) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 10, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

alex1666.xappd